People ex rel. Williams v Brann (2020 NY Slip Op 04527)





People ex rel. Williams v Brann


2020 NY Slip Op 04527


Decided on August 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2020-05841 DECISION, ORDER & JUDGMENT

[*1]The People of the State of New York, ex rel. Ronald Williams, petitioner,
v
Cynthia Brann, etc., et al., respondents.


Richard Cary Spivack, Forest Hills, NY, for petitioner.
James E. Johnson, New York, NY (Janet L. Zaleon of counsel), for respondent Cynthia Brann.
Melinda Katz, District Attorney, Kew Gardens, NY (Michael J. Curtis, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), respondent pro se.
Writ of habeas corpus in the nature of an application to release Ronald Williams on his own recognizance or, in the alternative, to set reasonable bail upon Queens County Indictment No. 30/2020.



ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that bail on Queens County Indictment No. 30/2020 is reduced such that bail may be posted in the form of an insurance company bail bond in the sum of $50,000, in the form of a partially secured bond in the sum of $100,000, with the requirement of 10% down, or in the sum of $25,000 as a cash bail alternative; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that the defendant has given an insurance company bail bond in the sum of $50,000, or a partially secured bond in the sum of $100,000, with the requirement of 10% down, or has deposited the sum of $25,000 as a cash bail alternative, the Warden of the facility at which the defendant is incarcerated, or his or her agent, is directed to immediately release the defendant.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court